# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Lori Ann Iwaniszyn | ) | |
| | ) | **Chapter 7** |
| | ) | **Case No. 22-09996** |
| | ) | |
| | ) | |
| | ) | **Judge: Janet S. Baer** |
| **Debtor(s)** | ) | **(DuPage Co)** |

## NOTICE OF DEBTOR'S MOTION TO HOLD BANK OF AMERICA CORPORATION IN CONTEMPT OF COURT

**TO: Served Upon the following parties electronically:**

Patrick S. Layng, 219 S. Dearborn St., Room 873, Chicago, IL 60604, USTPRegion11.ES.ECF@usdoj.gov

Trustee Thomas E Springer, Springer Larsen Greene, LLC, dba Springer Brown, 300 South County Farm Road, Suite G, Wheaton, IL 60187, tspringer@springerbrown.com

**By US Mail:**

Bank of America Corporation, c/o CEO Brian Moynihan, Bank of America Corporate Center, 100 North Tryon Street, Charlotte, NC 28255.

Bank of America Corporation, c/o C T Corporation System, 208 S La Salle St Suite 814, Chicago, IL 60604

  PLEASE TAKE NOTICE that on January 06, 2023, at 11:00 am, I will appear before the Honorable Janet S. Baer, or any judge sitting in that judge's place, either in courtroom 615 of the Everett McKinley Dirksen United States Courthouse located at 219 S. Dearborn St, Chicago, IL 60604, or electronically as described below, and present the Debtor's Motion to Hold Bank of America Corporation in Contempt of Court, a copy of which is attached.

  **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

  You may appear electronically by video or by telephone.

  **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and Passcode**. The meeting ID for this hearing is **160 731 2971** and the passcode is **587656**. The meeting ID can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

**/s/ Joseph P. Doyle**
**Joseph P. Doyle**
**Law Office of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, Il 60193**
**Ph (847) 985-1100**

### Certification of Service

The undersigned, an attorney, certifies that he transmitted a copy of this notice to the parties listed on this notice via regular U.S. Mail with postage prepaid from the mailbox located at 105 S. Roselle Road, Suite 203, Schaumburg, Il 60193 on December 24, 2022.  Furthermore, I certify that Patrick S. Layng, Trustee Thomas E. Springer were notified via ECF notification on December 24, 2022.

**/s/ Joseph P. Doyle**
**Joseph P. Doyle**
**Law Office of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, Il 60193**
**Ph (847) 985-1100**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Lori Ann Iwaniszyn | ) | |
| | ) | **Chapter 7** |
| | ) | **Case No. 22-09996** |
| | ) | |
| | ) | |
| | ) | **Judge: Janet S. Baer** |
| **Debtor(s)** | ) | **(DuPage Co)** |

## DEBTOR'S MOTION TO HOLD BANK OF AMERICA CORPORATION IN CONTEMPT OF COURT

NOW COMES the Debtor's Attorney, Joseph P. Doyle, by and through the law firm of Law Office of Joseph P. Doyle, and hereby moves this Honorable Court to hold Bank of America Corporation in Contempt of Court, the Debtor states the following:

1) The Debtor filed the above captioned voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 31, 2022.

2) This Court has jurisdiction over this proceeding pursuant to 28 U.S.C §1334 & 157.  This is a core proceeding pursuant to 28 U.S.C §157.

3) The Debtor attended her 341 meeting on September 26, 2022. On September 28, 2022, Trustee Thomas E. Springer filed a Chapter 7 Trustee's Report of No Distribution.

2

4) Debtor is involved in a lawsuit by Synchrony Bank where a judgement was entered against the Debtor in the amount of $2,323.89 prior to the filing of the bankruptcy.

5) Debtor has a bank account with Bank of America that has $1,473.93 that is currently frozen, pending Trustee objection. Attached as Exhibit A is an answer to a Citation to Discover Assets that was answered by Daniel Tranen of Wilson Elser Moskowitz Edelman & Dicker LLP.

6) Debtor filed a Motion to Avoid the Lien that was granted on November 18, 2022. Attached as Exhibit B is a copy of the order.

7) Line 2 of the Order states, "Within seven (7) days of the entry of this order, Bank of America will release the hold on the Debtor's account so that the Debtor has full access to her funds in this account."

8) On December 15, 2022, the Debtor's case discharged and the case was closed.

9) On December 23, 2022, the Debtor called her attorney and let her know that her funds had still not been released by Bank of America.

10) On that same day, Debtor, Debtor's attorney, an attorney from Blitt and Gaines, who represents Synchrony Bank, and a representative from Bank of America had a conference call that lasted 1 hour and 58 minutes.

11) The result of that call was that Bank of America is refusing to release the hold, unless they get a letter from Trustee Springer authorizing them to release the funds.

12) Debtor is not seeking to hold Synchrony Bank in Contempt of Court. Their lien has been avoided and their counsel has tried to get the funds released to the Debtor. They have actually sent documentation to Bank of America Corporation letting them know the lien was released and they participated in the conference call. At this point, it is not believed that they are the responsible party for Debtor not having access to her funds. Bank of America Corporation is the party that Debtor believes is in Contempt of Court, not Synchrony Bank.

13) Bank of America's legal position that they need a letter from the Trustee in order to release the funds is not a well-reasoned legal position for several reasons. First, there is a Court Order that says they are to release the funds within seven days of the entry of the order avoiding lien, which was back in November.

14) If Bank of America's legal position were accurate, a letter from a Chapter 7 Trustee would carry more weight that a Court Order signed by a Bankruptcy Judge ordering them to release the hold they have on Debtor's funds.

15) Furthermore, it is unrealistic to expect a Chapter 7 Trustee to send out a letter in every case letting every financial institution know that funds in an account are not property of the bankruptcy estate.

16) That is the purpose of Chapter 7 Trustee's Report of No Distribution, which was filed on September 28, 2022 at Docket #11.

17) It was explained to Bank of America during the almost two-hour phone call that the Trustee does not send letters to individual creditors or banks and that the No Distribution Report was the documentation that showed the Trustee is not opening an estate in this case and that all personal property of the Debtor was being abandoned back to the Debtor, as nothing in the Debtor's estate would produce a meaningful distribution to creditors.

18) It is also completely unnecessary for Bank of America to be concerned if there is an open bankruptcy estate in this case, because there is a Court Order that says the Synchrony Bank lien was avoided and that Bank of America is to release the funds to the Debtor in that bank account.

19) Bank of America's conduct is a willful violation of the Court's Order November 18, 2022 order and there is absolutely no reason why they need any additional documentation. Their failure to release the funds is frustrating the Debtor's fresh start and they are also in violation of the discharge order, because they are holding funds on a discharged debt.

20) Debtor's attorney asks for the following relief. Bank of America should be held in contempt of court for not following the order entered on November 18, 2022.

21) Debtor's attorney asks that Bank of America be sanctioned $500.00 per day until they purge the contempt.

22) Debtor's attorney asks that Bank of America be ordered to pay $5,000.00 in punitive damaged for willful failure to comply with the Court Order.

23) Bank of America should have to pay reasonable attorney fees for the Debtor's attorney having to spend 1.9 hours on the phone with them, having to reopen the case, file this motion for contempt, and to appear at this hearing, with these attorney fees to be proved up at a later hearing.

WHEREFORE, the Debtors request that the Court Grant the Debtor's Motion to Hold Bank of America in Contempt for Court, sanction them in the amount of $500.00 per day until they purge the Contempt, order them to pay Punitive Damages in the Amount of $5,000.00, have them pay Debtor's Attorney reasonable attorney fees for having to file and bring this motion, to be proved up at a future court hearing, and for any other relief that this Court finds equitable and just.

Respectfully Submitted,

**/s/ Joseph P. Doyle**
**Joseph P. Doyle**
**Law Office of Joseph P. Doyle**
**105 S. Roselle Road, Suite 203**
**Schaumburg, Il 60193**
**Ph (847) 985-1100**